**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JOHN SILON,

        *Plaintiff*,

vs.

AMERICAN HOME ASSURANCE COMPANY, BROADSPIRE SERVICES, INC., DAMALI BROOKS,

        *Defendants*.

2:08-cv-1798-RCJ-LRL

**ORDER**

## INTRODUCTION

Before the Court is Plaintiff's Motion for Remand pursuant to 28 U.S.C. § 1441, (#7), and Defendant's Motion to Dismiss Defendant Damali Brooks pursuant to Federal Rule of Civil Procedure 12(b)(6), (#9). After considering the motions and pleadings on behalf of both parties, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Damali Brooks is *granted*, (#9), rendering Plaintiff's Motion for Remand *moot* as diversity would be complete.  (#6).

## FACTS

Plaintiff John Silon brought this complaint in the District Court for Clark County on November 17, 2008.  He is an individual residing in Clark County, Nevada.  Defendant American Home Assurance Company is domiciled in New York State, and licensed to do business in Nevada. Broadspire Services Inc. is domiciled in Florida State, and licensed to do business in Nevada. Damali Brooks is an employee of Broadspire and resides in Clark County, Nevada.  Plaintiff has brought this suit against all three defendants in a dispute over his alleged entitlement to insurance coverage.

Plaintiff was employed by Greater Nevada Auto Auction and had an accident while in the course of his employment on February 3, 2006. He caused the accident while driving a company truck. He was insured under the policy with American Home at the time. American Home had contracted with Broadspire to administer claims under the Policy. The other parties to the accident opened a claim against him and allegedly the claim adjuster working on the claim failed to respond to the parties correspondence, did not indemnify him under the Policy, and failed to defend him in the resultant lawsuit.

Plaintiff filed this suit against defendants. As to Defendant Brooks in particular, he alleged that she had a duty to negotiated a settlement and assign him an attorney; breached this duty by failure to accept reasonable offers, make counter offers, keep Plaintiff informed, and failed to provide him with defense counsel; as a result of her negligence, he incurred economic damages and severe emotional distress; and she negotiated the claim within the course and scope of her employment for Broadspire.

**ANALYSIS**

**I.     Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

   **A.     Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the plaintiff "fail[s] to state a claim upon which relief can be granted." Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Although courts assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they

1 are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

2 On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). The Ninth Circuit holds that a motion to dismiss for failure to state claims under Rule 12(b)(6) lies where the complaint reveals on its face that plaintiffs lack standing. *Sacks v. Office of Foreign Assets Control*, 366 F.3d 764, 771 (9th Cir. 2006); *DeSaracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 (9th Cir. 2000).

### B.     Majority Rule on Negligence of Individual Insurance Claim Adjusters

The majority rule on negligence of individual claim adjusters is that they do not owe a general duty of care to the insured, and therefore cannot be held liable to the insured for negligence as a matter of law. *E.g.*, *Sanchez v. Lindsey Morden Claim Servs.*, 72 Cal. App. 4th 249, 253 (Cal. App. 1999). Defendant correctly states this in its Motion and lists its lengthy research as to other courts' following the majority rule. (#9 at 3). Defendant urges the Court to follow the majority rule to find that no claim of relief is available against an individual claim adjuster. *Id.* at 4. It similarly argues that negligence is not an available theory against the insurance company itself. *Id.* at 5. Defendant alleges that Plaintiff has included the individual claim adjuster as a party to destroy diversity jurisdiction. *Id.* at 6.

Plaintiff contends that he is not barred from pursuing a negligence claim against Damali Brooks under Nevada law. (#15 at 5). He cites to several other states that allow negligence actions against claim adjusters and urges the Court to adopt their stances. *Id.* at 5–6. Plaintiff looks to distinguish majority law by differentiating between the cases with "first-party claims" and "third-party claims." (#15 at 8–14). He avers that in a third-party claim, the adjuster has a duty to act for the interest of the insured, and has a role "almost like that of an attorney." *Id.* at 14.

It is advisable for the Court to follow the majority rule here for a number of reasons, and the Court chooses to do so. First, the closest on-point case with Plaintiff's minority rule argument provides no reasoning or guidance, and the other minority decisions cited to are factually distinguishable from the present case. Second, a District of Nevada ruling on individual insurance employee liability guides this court, although it did not address a negligence claim. *See Vargas v. Cali. State Auto. Assn. Inter-Ins. Bureau*, 788 F. Supp. 462 (D. Nev. 1992). Lastly, a California court of appeals ruling, to which Nevada often looks for guidance, adopts the majority position in a factually similar case.

The case closest to on-point that Plaintiff relies upon is *Continental Insurance Company v. Bayless and Roberts, Incorporated*, 608 P.2d 281 (Alaska 1980). In that case, the Alaska Supreme Court held did find that an individual employee may be held liable for negligence arising out of a breach of the general tort duty of ordinary care. *Id.* at 287. For its reasoning, the court cited to another Alaska case in which an insurance agent could be held liable for negligent failure to insure plaintiff's house properly. *Id.* at 288. However, the court in that instance offered no reasoning for its departure from the majority rule, and merely relied on its cited to property case. The other cases cited to by Plaintiff are factually distinguishable from the present as most of them involve whether an independent firm may be held liable for negligence, not an independent claims adjuster. *See Brown v. State Farm Fire and Cas. Co.*, 58 P.3d 217 (Okla. App. 2002); *Morvay v. Hanover Ins. Cos.*, 506 A.2d 333 (N.H. 1986).

The *Vargas* case does address individual insurance employee liability issues, although it does not directly speak to individual claim adjuster's negligence liability. 788 F. Supp. 462 (D. Nev. 1992). It that case, plaintiff sought to include an individual insurance company agent as a party to an insurance bad faith action. The court held that "[n]o set of facts could entitled Plaintiff to "any right to relief" from [agent] on the present complaint." *Id.* at 464. The complaint alleged breach of insurance policy, insurance bad faith, and "malicious conduct." *Id.* The court went on to state that

1 as the agent's only actions related to his position with the insurance company, that if he had done
2 something within the scope of his agency that violated the terms of the contract, plaintiff could only
3 sue the insurance company and not him. *Id.* Plaintiff's argument that the agent was liable for
4 tortious conduct outside the scope of his employment, but as no allegation of actions outside the
5 scope of employment was made in the complaint, the court concluded that plaintiff could not state
6 a cause of action against the agent under the complaint. *Id.*

7 Similarly in this case, Plaintiff has not alleged Ms. Brooks has committed any negligence
8 outside of the scope of her employment, and subsequently cannot state a cause of action against her.
9 Every single one of the allegations against her involve her apparent dereliction and negligence in the
10 execution of her duties as a claims adjuster. *See* #15 at 3–4.

11 Lastly, the *Sanchez* case from the Court of Appeals of California adopts the majority rule of
12 no liability for an individual claims adjuster sued in his capacity as a claims adjuster. 72 Cal. App.
13 4th 249 (Cal. App. 1999). The court held that no duty of care existed on the part of the adjuster to
14 the insured under California law. *Id.* at 253. The court reasoned that the imposition of such a duty
15 would subject the adjuster to conflicting loyalties as often insurers and insureds disagree about
16 coverage or the amount of loss. *Id.* The court's conclusion was consistent with the general law of
17 agency, and the majority of other cases holding that an independent adjuster hired by an insurer owes
18 him no duty of care. *Id.* at 254 (citing to *Velastequi v. Exch. Ins. Co.*, 505 N.Y.S. 2d 779, 782 (N.Y.
19 1986); *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 917 (Tex. 1997); *Hill v. Giuffrida*, 608 F. Supp.
20 648, 649 (S.D. Miss. 1985). Likewise in this case, Plaintiff's arguments about agency do not
21 persuade the Court. Nevada should not adopt the minority approach to liability of claims adjusters
22 in recognizing or creating an agency relationship between the adjuster and the insured.

23 Accordingly, Defendant's Motion to Dismiss Damali Brooks is *granted*. (#9).

24

25

1 **II.  Plaintiff's Motion for Remand to State Court Pursuant to 28 U.S.C. § 1441**

2     **A.  Legal Standard for Motion to Remand**

3     Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1441. Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. The removal statute is to be strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where doubt regarding the right to removal exists, the federal court should remand the case to state court. *Id.*

    Nevertheless, "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The joinder of non-diverse defendants is fraudulent when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

    Where fraudulent joinder is at issue, "[t]he defendant seeking removal to federal court is entitled to present the facts showing the joinder to be fraudulent." *Id.* Thus, in deciding fraudulent joinder claims, the Court may "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). In other words, "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey*, 139 F.3d at 1318.

    **B.  Defendant Brooks Is Dismissed from the Case**

    Plaintiff argues that the joinder of Damali Brooks was proper, based on his argument that Nevada should adopt the minority position on negligence liability of claims adjusters. (#7). Defendant contends that the joinder was fraudulent because there is no reasonable basis to believe a Nevada court would impose liability against an individual employee of an insurance company

1 acting within the scope of her employment. (#14). Defendant does not provide any affidavits or deposition testimony as to this alleged fraudulent joinder. It does present a voluminous body of caselaw representing the majority approach to negligence liability as per individual claims adjusters (that it does not exist as there is no general duty of cared owed by the adjuster to the insured).

Based on this presentation of case law, as well as the holding above, dismissing the Defendant Brooks from the case, this motion is *moot* as she was at the very least improperly if not fraudulently joined, considering the caselaw on Defendant's side as to the matter. The remand to state court is no longer necessary because she is no longer a party to the lawsuit and subsequently complete diversity exists between the parties. Accordingly, Plaintiff's Motion to Remand is *moot*. (#7).

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Damali Brooks is *granted* (#9), rendering Plaintiff's Motion to Remand as *moot*. (#7).

DATED: April 20, 2009

_____
Robert C. Jones
United States District Judge